ORIGINAL

NO SUMMONS ISSUED

FILED
CLERK
2012 OCT -4 PM 1:55
U.S. DISTRICT COURT
EASTERN DISTRICT

9204/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Defendant
Cargo Movement International, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLAS AIR, INC., <br><br> Plaintiff, <br><br> - against - <br><br> CARGO MOVEMENT INTERNATIONAL, INC., CONSOLIDATED LUMBER TRANSPORT, and WILLIAM E. ROMERO, <br><br> Defendants. | Civil Action No. **CV 12-4976** <br><br> **NOTICE OF REMOVAL** <br><br> VITALIANO, J. <br><br> POLLAK, M.J |

Pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1331 and 1337(a), defendant Cargo Movement International, Inc. ("CMI") hereby removes to this Court the above-captioned action, commenced in the Supreme Court of the State of New York, County of Queens, Index No. 19245/2008.

1. A copy of the plaintiff Atlas Air, Inc.'s ("Atlas") Complaint is attached as Exhibit A.

2. A copy of the CMI answer to the Complaint is attached as Exhibit B.

3. A copy of the Atlas Amended Complaint is attached as Exhibit C.

4. A copy of the CMI Answer to the Amended Complaint is attached as Exhibit D.

5. A copy of defendant Consolidated Lumber Transport's Answer to the amended complaint is attached as Exhibit F.

6. A copy of defendant William E. Romero's Answer to the Amended Complaint is attached as Exhibit F.

7. A copy of the plaintiff's Verified 2nd Amended and Supplemental Complaint is attached hereto as Exhibit G.

All the other defendants have consented to this removal. The Consent to Removal Declaration by defendants Consolidated Lumber Transport and William E. Romero is attached hereto as Exhibit H.

The Verified 2nd Amended and Supplemental Complaint was served by mail by plaintiff on or about September 14, 2012. The removal is within the 30 day period and is therefore timely under 28 U.S.C. § 1446(b).

**Basis for Removal: This District Court has original jurisdiction over plaintiff's Carmack Amendment causes of action.**

This case involves damage to a jet engine being transported by truck from JFK Airport, New York to Miami International Airport, Florida, and from Miami International Airport, Florida to Viracopos, Brazil by air carriage to a GE Celma repair facility for repairs. The damage was allegedly caused from an impact with a low-bridge approximately 1-2 miles from JFK Airport during the truck transportation to Miami International Airport. On or about September 14, 2012 plaintiff filed a Verified 2nd Amended and Supplemental Complaint. In the Verified 2nd Amended and Supplemental Complaint plaintiff alleged, for the *first time* in this action against CMI, a cause of action for "Violation of the Carmack Amendment". (Exhibit G, ¶¶ 14-23 ).

2

Pursuant to 28 U.S.C. § 1337(a), the district court has original jurisdiction of an action brought under section 14706 of title 49 [that is, The Carmack Amendment] only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interests and costs. In the instant case, plaintiff's Verified 2nd Amended and Supplemental Complaint alleges a cause of action under 49 U.S.C. § 14706. Plaintiff further claims damages of $860,503.86, which satisfies the 1337(a) requirement. (Exhibit G, ¶ 13).

It should also be noted that this Court has previously held that the Carmack Amendment completely preempts state common law. Materazzi v. Atlas Van Lines, Inc., 180 F. Supp. 2d 408, 410 (E.D.N.Y. 2001) citing North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d. 229, 233-4 (2d Cir. 1978).

WHEREFORE, the action now pending in the Supreme Court for the State of New York, County of Queens, Index No.: 19245/2008, is removed to this Court pursuant to 28 U.S.C. § 1331 and 1337(a).

Dated: October 4, 2012
New York, New York

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendants
Cargo Movement International, Inc.

By: _____
Stephen H. Vengrow
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

# EXHIBIT A

FILE COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

QUEENS COUNTY CLERK
RECEIVED

2008 AUG -1 A 11: 52

Index No. 10245/08

-----------------------------------------------------------X

ATLAS AIR, INC.,

                                        Plaintiff,

                    -against-

Plaintiff desig
QUEENS Co'
as Place of Tri
Basis of venu
Residence of ]

CARGO MOVEMENT INTERNATIONAL, INC.,

                                        Defendant.

SUMMONS
Plaintiff Reside
2000 Westchest
Purchase, NY 1(..77

-----------------------------------------------------------X

To the above named Defendant (s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 31, 2008

By _____
Roberta Miranda, Esq.
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

516363.2 Summons 08/01/2008 08:42 AM

------------------------------------------------------------X

ATLAS AIR, INC.,

Index No.

                                Plaintiff,

                -against-                          COMPLAINT

CARGO MOVEMENT INTERNATIONAL, INC.,

                                Defendant.
------------------------------------------------------------X

        Plaintiff, ATLAS AIR, INC. (hereinafter "ATLAS"), by its attorneys, MENDES

& MOUNT, LLP, respectfully alleges:

1. At all times hereinafter mentioned, Plaintiff ATLAS AIR, INC. was and still is a

    business corporation organized and existing under and by virtue of the laws of the

    State of Delaware with its principal place of business at 2000 Westchester Avenue,

    Purchase, NY, 10577, and was and now is engaged in business, *inter alia*, as a

    common carrier of merchandise by air for hire.

2. Upon information and belief, at all times herein mentioned, defendant CARGO

    MOVEMENT INTERNATIONAL, INC. (hereinafter "CARGO MOVEMENT"),

    was a domestic business corporation, licensed to due business in the State of New

    York with its principal place of business at 49-09 183rd street, Springfield Gardens,

    New York, 11413, and was and still is engaged in business as a common carrier of

    goods for hire.

3. Atlas requested that Cargo Movement transport certain goods consisting of an Atlas

    Air CF6-50 engine, serial no. 530257 (the "Engine") to Miami International Airport

    in Miami, Florida.

4. On July 27, 2006, Cargo Movement agreed to transport the Engine from the plaintiff's place of business at JFK International Airport in New York, to Miami International Airport in Miami, Florida. ("The Agreement").

5. Cargo Movement was instructed to transport the engine via air ride step deck/low boy truck.

6. Pursuant to the Agreement, defendant took possession of the Engine on August 1, 2006.

7. While in defendant's custody, the engine was placed on a flatbed truck as opposed of the truck type requested.

8. While transporting the goods from New York to Miami, the engine struck an overpass approximately one and one-half miles from JFK Airport, while in defendant's custody.

9. The engine received extensive damage and was later repaired at the GE Celma repair facilities in Brazil. The total repair costs attributable to the subject accident amount to $878,456.16.

## FIRST CAUSE OF ACTION

10. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 8 above and incorporates them herein.

11. The accident and the damage to the plaintiff's goods were caused solely by the defendant's negligence in using the wrong type of truck.

12. As a result of the above, the plaintiff has sustained damages in the amount of $878,456.16.

## SECOND CAUSE OF ACTION

13. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 8 above and incorporates them herein.

14. Upon information and belief, defendant, Cargo Movement is a common carrier of goods for hire.

15. On August 1, 2008, defendant accepted and received from plaintiff the Engine in good order and condition for transportation to Miami International Airport in Miami, Florida.

16. In consideration of a freight charge paid, defendant agreed to transport the merchandise safely and deliver it in good order and condition.

17. Thereafter, on August 1, defendant delivered the Engine to Plaintiff back in New York as opposed to Miami International Airport. The Engine was not in the same good order and condition as when received by the defendant. On the contrary, the Engine was considerably damaged, in violation of the agreement entered into between the parties.

18. By reason of the foregoing, plaintiff has been damaged in the amount of $878,456.16, no part of which has been paid, although demanded.

## THIRD CAUSE OF ACTION

19. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 8 above and incorporates them herein.

20. Plaintiff's delivery of its Engine to the defendant and defendant's acceptance thereof was a bailment.

21. The defendant had the duty to safely and securely keep the Engine and return it to plaintiff in the same condition as it was delivered to the defendant.

22. The defendant, in disregard of his duty, negligently failed to take proper care and safely guard the Engine for the Plaintiff causing the Engine to get damaged.

WHEREFORE, Plaintiff respectfully requests that the Court rules that Defendant Cargo Movement must pay the following sums:

1.  Damages in the amount of $878,456.16.

2.  Legal interest from the date of the accident occurring on August 1, 2006 until the date of payment of the claim in full.

3.  And for such further relief as this Court may deem just and proper.

DATED:    New York, NY
          July 31, 2008

By _____
        Roberta Miranda, Esq.
        MENDES & MOUNT, LLP
        Attorneys for Plaintiff
        ATLAS AIR, INC.
        750 Seventh Avenue
        New York, NY 10019
        (212) 261 – 8000

To:    Cargo Movement International, Inc.
       49-09 183rd Street
       Springfield Gardens, NY 11413

# EXHIBIT B

9204/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant and Third-Party Plaintiff Cargo Movement International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ATLAS AIR, INC.,<br><br>               Plaintiff,<br><br>       - against -<br><br>CARGO MOVEMENT INTERNATIONAL,<br>INC.,<br><br>               Defendants. | Index No.: 19245/08<br><br>**ANSWER** |

Defendant Cargo Movement International, Inc. (hereinafter "CMI"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the complaint with the index number 19245/08 as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of Plaintiff's Complaint.

2. Admits, at all times herein mentioned, defendant CMI was a domestic business corporation, licensed to due business in the State of New York with its principal place of business at 19-09 183rd Street, Springfield Gardens, New York 11413 and except when specifically admitted, denies each and every other allegation contained in paragraph "2" of Plaintiff's Complaint.

3. Admits Atlas requested that CMI arrange for transport certain goods consisting of an Atlas Air CF6-50 engine, serial no. 530257 (the "Engine") to Miami International Airport in Miami, Florida and except where specifically admitted, denies each and every other allegation contained in paragraph "3" of Plaintiff's Complaint.

4. Admits CMI agreed to arranged to transport the Engine from the plaintiff's place of business at JFK International Airport in New York, to Miami International Airport in Miami, Florida ("The Agreement") and except where specifically admitted, denies each and every other allegation contained in paragraph "4" of Plaintiff's Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of Plaintiff's Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of Plaintiff's Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of Plaintiff's Complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of Plaintiff's Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of Plaintiff's Complaint.

## IN RESPONSE TO THE FIRST CAUSE OF ACTION

10. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 1 through 9 inclusive of this answer, with the same force and effect as if herein set forth at length.

11. Denies each and every allegation contained in paragraph "11" of Plaintiff's Complaint.

12. Denies each and every allegation contained in paragraph "12" of Plaintiff's Complaint.

## IN RESPONSE TO THE SECOND CAUSE OF ACTION

13. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 10 through 12 inclusive of this answer, with the same force and effect as if herein set forth at length.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of Plaintiff's Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of Plaintiff's Complaint.

16. Admits in consideration of a freight charge paid, defendant agreed to transport the merchandise and except where specifically admitted, denies each and every other allegation contained in paragraph "16" of Plaintiff's Complaint.

17. Admits defendant delivered the Engine to Plaintiff back in New York as opposed to Miami International Airport and except where specifically admitted, denies each and every other allegation contained in paragraph "17" of Plaintiff's Complaint.

18. Denies each and every allegation contained in paragraph "18" of Plaintiff's Complaint.

## IN RESPONSE TO THE THIRD CAUSE OF ACTION

19. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraph 13 through 18 inclusive of this answer, with the same force and effect as if herein set forth at length.

20. Denies each and every allegation contained in paragraph "20" of Plaintiff's Complaint.

21. Denies each and every allegation contained in paragraph "21" of Plaintiff's Complaint.

22. Denies each and every allegation contained in paragraph "22" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. That is the goods in suit were damaged, which denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the Defendant is not liable under the Warsaw Convention and by the terms of the contract of carriage.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Pursuant to the Warsaw Convention, Defendant's air cargo tariffs and manuals and the terms and conditions of the contacts of carriage, Defendant may not be held liable unless written claim or Complaint was made to Defendant within a certain period of time specified therein. Upon information and belief, no loss, damage or

delay as alleged took place during the transportation by air and this Defendant may not be held liable therefore.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Pursuant to Warsaw Convention, Defendant's air cargo tariffs and manuals and the terms and conditions of the contact of carriage, Defendant may not be liable if the loss, damage or delay was caused by or contributed to by the negligence of the Plaintiff. Upon information and belief, if any loss damage or delay occurred as alleged in the Complaint, which is denied, it was caused by or contributed to be the negligence of the Plaintiff and Defendant may not be held liable therefore.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. That if the plaintiff suffered any injuries, the same were caused by the negligence of said plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. The claim alleged in the complaint is time barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. That if plaintiff's cargo suffered any loss or damage, which defendant CMI denies, then such loss of damage resulted from the actions of third parties that CMI has no control over.

Dated: New York, New York
      September 15, 2008

          Respectfully submitted,

          CICHANOWICZ, CALLAN, KEANE,
          VENGROW & TEXTOR, LLP
          Attorneys for Defendant and Third-Party Plaintiff Cargo
          Movement International, Inc.

By:   _____
          Stephen H. Vengrow (SHV/3470)
          61 Broadway, Suite 3000
          New York, New York 10006
          (212) 344-7042

TO:    MENDES & MOUNT, LLP
        Attorneys for Plaintiff
        ATLAS AIR, INC.
        750 Seventh Avenue
        New York, New York 10019
        (212) 261-8000
        Attn.: Roberta Miranda, Esq.

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On September 15, 2008, I served a complete copy of **Defendant Cargo Movement International, Inc.'s Answer** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> MENDES & MOUNT, LLP
> Attorneys for Plaintiff
> ATLAS AIR, INC.
> 750 Seventh Avenue
> New York, New York 10019
> (212) 261-8000
> Attn.: Roberta Miranda, Esq.

_____
Patrick Michael DeCharles, II (PMD/9984)

Dated: September 15, 2008
       New York, New York

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X

Index No. 19245/08

**SUPPLEMENTAL
SUMMONS**

ATLAS AIR, INC.,

                     Plaintiff,

Plaintiff designates
QUEENS County
as Place of Trial
        -against-                 Basis of venue is:
Residence of Plaintiff

CARGO MOVEMENT INTERNATIONAL, INC., LONGHORN
TRANSPORTATION, CONSOLIDATED LUMBER TRANSPORT,
WILLIAM E. ROMERO, and JOHN DOE CORP.

Plaintiff Residence:
2000 Westchester Ave.
                  Defendants.    Purchase, NY 10577
---------------------------------------------------------------------X

To the above named Defendant (s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this supplemental
summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days
after the service of this supplemental summons, exclusive of the day of service (or within
30 days after the service is complete if this supplemental summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: July 6, 2009

By _____
    Roberta Miranda, Esq.
    MENDES & MOUNT, LLP
    750 Seventh Avenue
    New York, NY 10019
    (212) 261-8000

TO:

Stephen H. Vengrow
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042
Attorneys for
Cargo Movement International, Inc.

Jorge A. Rodriguez
Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
212-385-1422
Attorneys for William E. Romero

Jean Gardner
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, NY 10122
Attorneys for
Consolidated Lumber Transport

Longhorn Transportation
c/o Evilzisor Transportation Services
PO Box 54848
Hurst Texas 76054-4848
ATTN: Penni Royston

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------x

| | | |
|---|---|---|
| ATLAS AIR, INC., <br><br> Plaintiff, <br><br> - against - <br><br><br> CARGO MOVEMENT INTERNATIONAL, INC., LONGHORN TRANSPORTATION, CONSOLIDATED LUMBER TRANSPORT, WILLIAM E. ROMERO and JOHN DOE CORP. <br><br><br> Defendants | : <br> : <br> : <br> : <br> : <br> : | INDEX: 19245/08 <br><br> **AMENDED COMPLAINT** |

Plaintiff, ATLAS AIR, INC. (hereinafter "ATLAS"), by its attorneys, MENDES & MOUNT, LLP, respectfully alleges:

1. At all times hereinafter mentioned, Plaintiff ATLAS AIR, INC. was and still is a business corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business at 2000 Westchester Avenue, Purchase, NY, 10577, and was and now is engaged in business, *inter alia*, as a common carrier of merchandise by air for hire.

2. Upon information and belief, at all times herein mentioned, defendant CARGO MOVEMENT INTERNATIONAL, INC. (hereinafter "CMI"), was a domestic business corporation, licensed to due business in the State of New York with its principal place of business at 49-09 183rd street, Springfield Gardens, New York, 11413, and was and still is engaged in business as a common carrier of goods for hire.

3. Upon information and belief, at all times herein mentioned, defendant CONSOLIDATED LUMBER TRANSPORT (hereinafter "CLT") was a business

1

corporation organized under the laws of one of the States of the United States with its principal place of business located at 7089 Country Route 17, Lacuna, New York 13083 and was and now is engaged in business, inter alia, as a common carrier of merchandise for hire.

4. Upon information and belief, at all times herein mentioned, defendant LONGHORN TRANSPORTATION (hereinafter "LONGHORN") was a business corporation organized under the laws of one of the States of the United States with its principal place of business located at 3320 Piper Lane, Charlotte, NC 28208 and was and now is engaged in business, inter alia, as a common carrier of merchandise for hire.

5. Upon information and belief, at all times herein mentioned, defendant WILLIAM E. ROMERO (hereinafter "ROMERO") is an individual who holds a New York commercial driver's license and resides at 108 Maybury Avenue, Staten Island, New York 10308.

6. Upon information and belief, at all times herein mentioned, defendant JOHN DOE CORP. was a business corporation organized under the laws of one of the States of the United States and authorized to do business in the State of New York and was and now is engaged in business, inter alia, as a common carrier of merchandise for hire.

7. Atlas hired CMI to arrange transport of an Atlas Air CF6-50 engine, serial no. 530257 (the "Engine") to Miami International Airport in Miami, Florida.

8. CMI agreed to arrange transport of the Engine from the Plaintiff's place of business at JFK International Airport in New York, to Miami International Airport in Miami, Florida. ("The Agreement").

9. As part of the Agreement, Atlas instructed CMI to arrange transport of the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida via air ride step deck/low boy truck.

10. Pursuant to the Agreement, Defendant CMI took possession of the Engine on August 1, 2006.

11. To fulfill the Agreement, Defendant CMI contacted Longhorn to carry the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida.

12. Either CMI or Longhorn in turn sub-contracted with Defendants CLT, Romero and/or John Doe Corp. to carry the Engine from JFK International Airport in New York to Miami International Airport in Miami.

13. While in Defendants' custody, the Engine was placed on a flatbed truck instead of the required truck type.

14. While in Defendants' custody during transport from New York to Miami, the Engine struck an overpass approximately one and one-half miles from JFK Airport, as a direct result of the improper truck type being used.

15. The engine received extensive damage and was later repaired at the GE Celma repair facilities in Brazil. The total repair costs attributable to the subject accident amount to $878,456.16.

<u>FIRST CAUSE OF ACTION – TORT AGAINST CMI</u>

16. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

17. Defendant CMI owed a duty in tort to the Plaintiff because the Plaintiff was a reasonably foreseeable victim of CMI's negligence.

18. Defendant CMI breached this duty by negligently failing to instruct Longhorn, CLT, Romero and/or John Doe Corp. to carry the Engine via air ride step deck/low boy and by negligently entrusting the Engine to Longhorn, CLT, Romero and/or John Doe Corp..

19. Defendant CMI's negligence directly and proximately caused the accident and damage to the Plaintiff's Engine.

20. As a result of the above, the Plaintiff sustained damages in the amount of $878,456.16, no part of which has been paid, although demanded.

SECOND CAUSE OF ACTION - BREACH OF CONTRACT AGAINST CMI

21. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

22. Defendant CMI breached the Agreement by failing to ensure transport of the Engine by air ride step deck/low boy truck as required pursuant to the contract.

23. Defendant CMI's breach of the Agreement directly and proximately caused the accident and damage to the Engine.

24. As a result, the Plaintiff sustained losses of $878,456.16, and in addition sustained consequential and incidental damages relating to additional Engine storage, Engine transport for repair, and lost profits amongst other things.


THIRD CAUSE OF ACTION – BREACH OF COMMON CARRIER STANDARD OF CARE AGAINST CMI

25. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

26. Upon information and belief, on August 1, 2008, Defendant CMI was a common carrier of goods for hire.

27. On August 1, 2008, Defendant CMI accepted and received from Plaintiff the Engine in good order and condition at JFK International Airport in New York for transportation to Miami International Airport in Miami, Florida.

28. In consideration of a freight charge paid, Defendant CMI agreed to transport the merchandise safely and deliver it in good order and condition.

29. Thereafter, on August 1, Defendant CMI delivered the Engine to Plaintiff back in New York as opposed to Miami International Airport. The Engine was not in the same good order and condition as when received by the Defendant CMI. On the contrary, the Engine was considerably damaged, in violation of the Agreement.

30. As a common carrier, CMI was required to exercise a high standard of care for Plaintiff's property entrusted to it, and breached said high standard of care by carelessly and negligently allowing Plaintiff's engine to be damaged.

31. By reason of the foregoing, Plaintiff has been damaged in the amount of $878,456.16, no part of which has been paid, although demanded.

FOURTH CAUSE OF ACTION AGAINST CMI -BAILMENT

32. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

33. Plaintiff's delivery of its Engine to Defendant CMI and Defendant CMI's acceptance thereof was a bailment.

5

34. Defendant CMI had the duty to safely and securely keep the Engine and return it to Plaintiff in the same condition as it was delivered to Defendant CMI.

35. Defendant CMI, in disregard of its duty, negligently failed to take proper care and safely guard the Engine for the Plaintiff causing the Engine to be damaged.

36. As a direct and proximate result, Plaintiff sustained damages in the amount of $878,456.16, no part of which has been paid, although demanded.


FIFTH CAUSE OF ACTION – TORT AGAINST CLT

37. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

38. Defendant CLT owed a duty in tort to the Plaintiff to exercise reasonable care when transporting the engine because the Plaintiff was a reasonably foreseeable victim of Defendant CLT's negligence.

39. Defendant CLT breached this duty by negligently transporting the Engine via flat bed instead of the required air ride step deck/low boy.

40. As a result, the Plaintiff has sustained damages in the amount of $878,456.16.

SIXTH CAUSE OF ACTION – TORT AGAINST JOHN DOE

41. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

42. Defendant JOHN DOE CORP. owed a duty in tort to the Plaintiff to exercise reasonable care when transporting the engine because the Plaintiff was a reasonably foreseeable victim of Defendant JOHN DOE CORP.'s negligence.

43. Defendant JOHN DOE CORP. breached this duty by negligently transporting the Engine via flat bed instead of the required air ride step deck/low boy.

44. As a result, the Plaintiff has sustained damages in the amount of $878,456.16

SEVENTH CAUSE OF ACTION – TORT AGAINST JOHN DOE

45. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

46. Defendant JOHN DOE CORP. is culpable to Plaintiff under the theory of respondeat superior, as JOHN DOE CORP. is responsible for the acts and omissions of its employee, Defendant Romero, for negligently transporting the engine via flat bed instead of required air ride step deck/low boy.

47. On July 27, 2006, the acts and omissions of Defendant Romero that led to the damage to Plaintiff's property set forth herein were being carried out in the course and scope of Defendant Romero's employment with JOHN DOE CORP..

48. Defendant JOHN DOE CORP.'s negligence directly and proximately caused the damage to the Engine.

49. As a result, Plaintiff has sustained damages in the amount of $878,456.16.


EIGHTH CAUSE OF ACTION – TORT AGAINST ROMERO

50. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

51. Defendant Romero owed a duty in tort to the Plaintiff to exercise reasonable care while transporting the Engine because the Plaintiff was a reasonably foreseeable victim of his negligence.

7

52. Defendant Romero negligently breached this duty by carrying the Engine via flat bed truck instead of the required air ride step deck/low boy.

53. Defendant's negligence directly and proximately caused the accident and damage to the Engine.

54. As a result, Plaintiff sustained losses in the amount of $878,456.16.

## NINTH CAUSE OF ACTION – TORT AGAINST LONGHORN

55. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

56. Defendant LONGHORN owed a duty in tort to the Plaintiff to exercise reasonable care when transporting the engine because the Plaintiff was a reasonably foreseeable victim of Defendant LONGHORN'S negligence.

57. Defendant LONGHORN breached this duty by negligently transporting the Engine via flat bed instead of the required air ride step deck/low boy.

58. As a result, the Plaintiff has sustained damages in the amount of $878,456.16.


## TENTH CAUSE OF ACTION – 3rd PARTY BENEFICIARY OF SUB-CONTRACT

59. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 15 above and incorporates them herein as is if fully set forth at length.

60. In order to fulfill the Agreement between the Plaintiff and Defendant CMI, Defendants CMI and CLT, LONGHORN, ROMERO AND OR JOHN DOE CORP. entered into a sub-contract, for the transport of the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida (the "Sub-Contract").

61. The Sub-Contract specified that the Engine was to be carried by air ride step deck/low boy.

62. The Sub-Contract further indicated that the Plaintiff was an intended third-party beneficiary of the Sub-Contract because the Sub-Contract stated "deliver to Atlas/Polar Air" amongst other things.

63. As an intended third-party beneficiary, the Plaintiff is entitled to recover from Defendants CLT, LONGHORN, ROMERO AND/OR JOHN DOE CORP. for any losses sustained because of Defendants CLT, LONGHORN, ROMERO AND OR JOHN DOE CORP.'s breach of the Sub-Contract.

64. Defendants CLT, LONGHORN, ROMERO AND OR JOHN DOE CORP. breached the Sub-Contract by transporting the Engine by flat bed truck instead of the required air ride step deck low boy.

65. As a result, the Plaintiff sustained losses of $878,456.16, and in addition sustained consequential and incidental damages relating to additional Engine storage, Engine transport for repair, and lost profits amongst other things.


WHEREFORE, Plaintiff respectfully requests that the Court rules that Defendants must pay the following sums:

1. Damages in the amount of $878,456.16.

2. Consequential and incidental damages in an amount to be determined at trial.

3. Legal interest from the date of the accident occurring on August 1, 2006 until the date of payment of the claim in full.

4.   And for such further relief as this Court may deem just and proper.

DATED:   New York, NY
         July 7, 2009

By _____
   Roberta Miranda, Esq.
   MENDES & MOUNT, LLP
   Attorneys for Plaintiff
   ATLAS AIR, INC.
   750 Seventh Avenue
   New York, NY 10019
   (212) 261  8000

To:

Stephen H. Vengrow
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042
Attorneys for
CMI International, Inc.

Jorge A. Rodriguez
Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
212-385-1422
Attorneys for William E. Romero

Jean Gardner
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, NY 10122

Attorneys for
Consolidated Lumber Transport

Longhorn Transportation
c/o Evilzisor Transportation Services
PO Box 54848
Hurst Texas 76054-4848
ATTN: Penni Royston

# EXHIBIT D

9204/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
CARGO MOVEMENT INTERNATIONAL, INC.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

ATLAS AIR, INC.,

                       Plaintiff,

      - against -

CARGO MOVEMENT INTERNATIONAL, INC.,
LONGHORN TRANSPORTATION,
CONSOLIDATED LUMBER TRANSPORT,
WILLIAM E. ROMERO and JOHN DOE CORP.

                    Defendants.

Index No. 19245/08

**ANSWER TO AMENDED
COMPLAINT AND
CROSSCLAIMS**

---

      Defendant CARGO MOVEMENT INTERNATIONAL, INC. (hereinafter "CMI"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its answer to the amended complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Admits that defendant CMI is a domestic business corporation, licensed to do business in the State of New York with its principal place of business at 49-09 183rd Street, Springfield Gardens, New York, 11413 and except as so admitted, denies the allegations contained in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Admits plaintiff Atlas Air, Inc. ("Atlas Air") hired defendant CMI to arrange transport of the Engine and except as so admitted, denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11.

12. Admits that Longhorn contacted defendants Consolidated Lumber Transport (hereinafter "CLT"), William E. Romero (hereinafter "Romero"), and/or John Doe Corp. to carry the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida, and except as so admitted denies the allegations contained in paragraph 12.

13. Admits that defendants Longhorn Transportation, CLT, Romero, and/or John Doe. Corp placed the Engine on a flatbed truck instead of a air ride step deck/low boy truck, and except as so admitted denies the allegations contained in paragraph 13.

14. Admits that the Engine struck an overpass during transport from New York to Miami and except as so admitted denies the allegations contained in paragraph 14.

2

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

16. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-15 of its answer to the complaint as if heretofore set out at length herein.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Admits nonpayment, and except as so admitted, denies the allegations contained in paragraph 20.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

21. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-20 of its answer to the complaint as if heretofore set out at length herein.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

25. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-24 of its answer to the complaint as if heretofore set out at length herein.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Admits that defendant CMI agreed to arrange for transportation of the merchandise for consideration and except as so admitted denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Admits nonpayment, and except as so admitted, denies the allegations contained in paragraph 31.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

32. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-31 of its answer to the complaint as if heretofore set out at length herein.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Admits nonpayment, and except as so admitted, denies the allegations contained in paragraph 35.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

37. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-36 of its answer to the complaint as if heretofore set out at length herein.

38. The allegations contained in this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38.

39. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39.

40. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies the allegations contained in paragraph 40.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

41. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-40 of its answer to the complaint as if heretofore set out at length herein.

42. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42.

43. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43.

44. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies the allegations contained in paragraph 44.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

45. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-44 of its answer to the complaint as if heretofore set out at length herein.

46. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46.

47. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47.

48. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48.

49. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies the allegations contained in paragraph 49.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

50. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-49 of its answer to the complaint as if heretofore set out at length herein.

51. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or

information sufficient to form a belief as to the allegations contained in paragraph 51.

52. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52.

53. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53.

54. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies the allegations contained in paragraph 54.

## AS AND FOR AN ANSWER TO THE NINTH CAUSE OF ACTION

55. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-54 of its answer to the complaint as if heretofore set out at length herein.

56. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56.

57. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies knowledge or

information sufficient to form a belief as to the allegations contained in paragraph 57.

58. The allegations of this paragraph are directed to a party other than defendant CMI. To the extent a response is deemed necessary, CMI denies the allegations contained in paragraph 58.

## AS AND FOR AN ANSWER TO THE TENTH CAUSE OF ACTION

59. Defendant CMI repeats and realleges each and every allegation set forth in paragraphs 1-58 of its answer to the complaint as if heretofore set out at length herein.

60. Admits that defendants CLT, Longhorn, Romero, and/or John Doe Corp. entered into a contract between them for the transport of the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida, and except as so admitted denies the allegations contained in paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62.

63. Admits that defendants CLT, Longhorn, Romero, and/or John Doe Corp were common carriers and that plaintiff is entitled to recover from CLT, Longhorn, Romero, and/or John Doe Corp for losses sustained and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63.

8

64. Admits that the Engine was transported by flat bed truck instead of a air ride step deck/low boy truck and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66. At all times hereinmentioned, defendant CMI acted as an agent for plaintiff Atlas Air.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. At all times hereinmentioned, defendant CMI acted as a broker with respect to the incident transactions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68. That if the goods in suit were damaged, which is denied, said damage was proximately caused by an inherent vice, defect or quality of the goods in suit, for which defendant CMI is not liable under the Warsaw Convention and by the terms of the contract of carriage.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69. Pursuant to the terms and conditions of the Warsaw Convention and the applicable air waybill, the liability of defendant CMI is limited to $20.00 or the equivalent per kilogram of goods lost, damaged, or delayed, unless a higher value is declared by the shipper and a supplementary charge paid. Upon information and belief, plaintiff Atlas Air did not declare a higher value and did not pay a supplementary charge.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70. Pursuant to the terms and conditions of the applicable pick-up and delivery order, the liability of defendant CMI is limited to $50.00 for the entire shipment, regardless of weight, unless a higher value is declared by the shipper in writing and accepted by CMI prior to or at the time of shipment. Upon information and belief, plaintiff Atlas Air did not declare a higher value in writing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

71. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents, servants and/or subcontractors.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of co-defendants, and/or their agents, servants and/or subcontractors.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

73. Plaintiff has failed to properly and fully mitigate its damages.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS LONGHORN TRANSPORTATION, CONSOLIDATED LUMBER TRANSPORT, WILLIAM E. ROMERO and JOHN DOE CORP.

74. Defendant CMI repeats and realleges each and every allegation set forth above as if heretofore set out at length herein.

75. That if the goods in suit were damaged, which is denied, said damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of co-defendants Longhorn Transportation, Consolidated Lumber Transport, William E. Romero, and John Doe Corp. and by reason thereof, defendant CMI is entitled to full indemnity and/or contribution from

Longhorn Transportation, Consolidated Lumber Transport, William E. Romero, and John Doe Corp. for all loss and damage including reasonable counsel fees and expenses incurred by CMI in the defense of this case.

WHEREFORE, defendant CMI prays that the complaint against it be dismissed, that its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
August 3, 2009

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant*
CARGO MOVEMENT
INTERNATIONAL, INC.
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

By: _____
Stephen H. Vengrow (3479/SHV)

To:     Roberta Miranda, Esq.
        MENDES & MOUNT, LLP
        *Attorneys for Plaintiff*
        750 Seventh Avenue
        New York, New York 10019
        (212) 261-8000

        Jorge A. Rodriguez
        MAHONEY & KEANE, LLP
        *Attorneys for William E. Romero*
        11 Hanover Square, Tenth Floor
        New York, New York 10005
        (212) 385-1422

        Jean Gardner
        SCHINDEL, FARMAN, LIPSIUS,
        GARDNER & RABINOVICH, LLP
        *Attorneys for Consolidated Lumber Transport*

11

## EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ATLAS AIR, INC.,

                          Plaintiff,                        Index No.: 19245/08

          -against-

CARGO MOVEMENT INTERNATIONAL INC.,          **ANSWER TO**
LONGHORN TRANSPORTATION, CONSOLIDATED       **AMENDED**
LUMBER TRANSPORT, WILLIAM E. ROMERO, and    **COMPLAINT**
JOHN DOE CORP.
                          Defendants
-----------------------------------------------------------------X

          Defendant Consolidated Lumber Transport, Inc. s/h/a Consolidated Lumber Transport

("Consolidated"), by its attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP., as

and for its Answer to the amended complaint states, upon information and behalf, as follows:

          1.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 1 of the amended complaint.

          2.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 2 of the amended complaint.

          3.     Admits that Consolidated was a business corporation organized under the laws

of one of the State of the United States and was and now is engaged in business as a common

carrier but, except as so specifically submitted herein, denies each and every allegation

contained in paragraph 3 of the amended complaint.

          4.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 4 of the amended complaint.

          5.     Denies knowledge of information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph 5 of the amended complaint.

6. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the amended complaint.

7. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the amended complaint.

8. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the amended complaint.

9. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the amended complaint.

10. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the amended complaint.

11. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the amended complaint.

12. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the amended complaint.

13. Denies each and every allegation contained in paragraph 13 of the amended complaint.

14. Denies each and every allegation contained in paragraph 14 of the amended complaint.

15. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the amended complaint.

## FIRST – FOURTH CAUSES OF ACTION

16-36. As paragraphs 16-36 are not alleged against Consolidated, a response is not required. To the extent a response is required, denies knowledge of information sufficient to

2

form a belief as to the truth of each and every allegation contained in paragraphs 16-36 of the amended complaint.

## FIFTH CAUSE OF ACTION – TORT AGAINST CLT

37.     In response to paragraph 37 of the fourth count of the amended complaint, defendant repeats and realleges each and every response to the allegations contained in all previous paragraphs, as if set forth herein at length.

38.     Defendant defers all questions of law to the court and, to the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the amended complaint.

39.     Defendant defers all questions of law to the court and, to the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 39 of the amended complaint.

40.     Denies each and every allegation contained in paragraph 40 of the amended complaint.

## SIXTH– NINTH CAUSES OF ACTION

41-58. As paragraphs 41-58 are not alleged against Consolidated, a response is not required.  To the extent a response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs 41-58 of the amended complaint.

## TENTH CAUSE OF ACTION – 3rd PARTY BENEFICIARY OF SUB-CONTRACT

59.     In response to paragraph 59 of the fourth count of the amended complaint, defendant repeats and realleges each and every response to the allegations contained in all previous paragraphs, as if set forth herein at length.

3

60. Defendant defers all questions of law to the court and, to the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 60 of the amended complaint.

61. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 61 of the amended complaint.

62. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 62 of the amended complaint.

63. Defendant defers all questions of law to the court and, to the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 63 of the amended complaint.

64. Denies each and every allegation contained in paragraph 64 of the amended complaint.

65. Denies each and every allegation contained in paragraph 65 of the amended complaint.

### GENERAL PROVISION

66. Any and all allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

67. Plaintiff has failed to state a cause of action against responding defendant.

### SECOND AFFIRMATIVE DEFENSE

68. The cargo that is the subject matter of plaintiff's complaint was accepted by responding defendant, if at all, in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills,

4

warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Responding defendant duly performed the terms and conditions on its part to be performed. Responding defendant claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

69.     The liability of responding defendant, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

70.     The claims against responding defendant are untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### FIFTH AFFIRMATIVE DEFENSE

71.     The loss and/or damage to the cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by responding defendant through the exercise of reasonable care.

### SIXTH AFFIRMATIVE DEFENSE

72.     This Court lacks jurisdiction over the person of responding defendant.

### SEVENTH AFFIRMATIVE DEFENSE

73. To the extent that plaintiff seeks recovery for special damages, responding defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

74. In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the said party is not the real party of interest herein and is not entitled to maintain this suit.

### NINTH AFFIRMATIVE DEFENSE

75. Upon information and belief, plaintiff has failed to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

76. The loss at issue was caused by an act or default of the shipper or its agent.

### ELEVENTH AFFIRMATIVE DEFENSE

77. Responding defendant's liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

### TWELETH AFFIRMATIVE DEFENSE

78. The damages alleged in the complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of responding defendant and for which causes or conditions responding defendant has no liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

79. This court is an improper venue for this dispute.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.     The forum is inconvenient and the complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.     Responding defendant hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant Consolidated Lumber Transport, Inc. s/h/a Consolidated Lumber Transport demands judgment dismissing the amended complaint together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: August 19, 2009
      New York, New York

> SCHINDEL, FARMAN, LIPSIUS,
> GARDNER & RABINOVICH LLP
> Attorneys for Defendant
> Consolidated Lumber Transport

By: _____

> Jean Gardner, Esq.
> Marc I. Kunkin, Esq.
> 14 Penn Plaza, Suite 500
> New York, NY 10122
> File No.: 2471.0044

TO:     Stephen H. Vengrow, Esq.
      Cichanowicz, Callan, Keane,
      Vengrow & Textor, LLP
      61 Broadway, Suite 3000
      New York, NY 10006

Roberta Miranda, Esq.
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019

Mahoney & Keane, LLP
11 Hanover Square, 10th Floor
New York, NY 10005

Longhorn Transportation
c/o Evilzisor Transportation Services
Attn: Penni Royston
P.O. Box 54848
Hurst Texas 76054-4848

# EXHIBIT F

MAHONEY & KEANE, LLP
Attorneys for Defendant
William E. Romero
11 Hanover Square – Tenth Floor
New York, NY 10005
(212) 385-1422
File No. 12/3646/B/08/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

ATLAS AIR, INC.,

                Plaintiff,

          -against-

CARGO MOVEMENT INTERNATIONAL, INC.
LONGHORN TRANSPORTATION, CONSOLIDATED
LUMBER TRANSPORT and WILLIAM E. ROMERO,

                Defendants.

-----------------------------------------------------------------X

Index No. 19245/2008

**DEFENDANT WILLIAM E.
ROMERO'S ANSWER TO
PLAINTIFF'S AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES**

      PLEASE TAKE NOTICE that Defendant, WILLIAM E. ROMERO,

("ROMERO") by his attorneys, MAHONEY & KEANE, LLP answers the Amended Complaint

of Plaintiff upon information and belief as follows:

      FIRST:      Defendant ROMERO denies knowledge or information sufficient

to form a belief as to each and every allegation contained in paragraph "1", "2", "3", "4",

"6", "7", "8", "9", "10" and "11" of Plaintiff's Amended Complaint.

      SECOND:     Defendant ROMERO admits he is an individual who holds a New

York commercial driver's license and resides at 108 Maybury Avenue, Staten Island, New

York 10308 and except as specifically set forth herein at length denies the allegations contained in paragraph "5, of plaintiff's Complaint.

THIRD: Defendant ROMERO denies each and every allegation contained in paragraphs "12", "13", "14" and "15" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

FOURTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "THIRD" to the allegations contained in paragraph "16" of Plaintiff's Amended Complaint.

FIFTH: Defendant ROMERO denies knowledge or information sufficient for form a belief as to the allegations contained in paragraphs "17", "18", "19" and "20" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

SIXTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "FIFTH" to the allegations contained in paragraph "21" of Plaintiff's Amended Complaint.

SEVENTH: Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "22", "23" and "24" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

EIGHTH:    Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "SEVENTH" to the allegations contained in paragraph "25" of Plaintiff's Amended Complaint.

NINTH:    Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "26, "27, "28", "29". "30" and "31" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION

TENTH:  Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "NINTH" to the allegations contained in paragraph "32" of Plaintiff's Amended Complaint.

ELEVENTH:  Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "33, "34", "35" and "36" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S FIFTH CAUSE OF ACTION

TWELFTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "ELEVENTH" to the allegations contained in paragraph "37" of Plaintiff's Amended Complaint.

THIRTEENTH: Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "38", "39" and "40" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S SIXTH CAUSE OF ACTION

FOURTEENTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "THIRTEENTH" to the allegations contained in paragraph "41" of Plaintiff's Amended Complaint.

FIFTEENTH: Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "42", "43" and "44" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S SEVENTH CAUSE OF ACTION

SIXTEENTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "FIFTEENTH" to the allegations contained in paragraph "45" of Plaintiff's Amended Complaint.

SEVENTEENTH: Defendant ROMERO denies each and every allegation contained in paragraphs "46", "47", "48" and "49" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S EIGHTH CAUSE OF ACTION

EIGHTEENTH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "SEVENTEENTH" to the allegations contained in paragraph "50" of Plaintiff's Amended Complaint.

NINETEENTH: Defendant ROMERO denies each and every allegations contained in paragraphs "51", "52", "53" and "54" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S NINTH CAUSE OF ACTION

TWENTIETH: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "NINETEENTH" to the allegations contained in paragraph "55" of Plaintiff's Amended Complaint.

TWENTY-FIRST: Defendant ROMERO denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "56", "57" and "58" of plaintiff's Amended Complaint.

## ANSWERING PLAINTIFF'S TENTH CAUSE OF ACTION

TWENTY-SECOND: Defendant ROMERO repeats and reiterates each and every response of his answers contained in paragraphs "FIRST" through "TWENTY-FIRST" to the allegations contained in paragraph "59" of Plaintiff's Amended Complaint.

TWENTY-THIRD: Defendant ROMERO denies each and every allegation contained in paragraphs "60", "61", "62, "63" "64" and "65" of plaintiff's Amended Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The Amended Complaint fails to state a cause of action against this answering defendant.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The Amended Complaint fails to state a cause of action against this answering defendant, which will permit the granting of the relief requested.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Any loss or damage sustained by Plaintiff was occasioned by acts or omissions of persons over whom answering defendant exercised no control, supervision or other dominion.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Answering defendant neither committed nor failed to perform any act which damaged Plaintiff.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff is responsible totally or in part for the events which have caused the damages alleged by Plaintiff and this answering defendant is entitled to a reduction of any judgment in proportion to the percentage of negligence attributed to Plaintiff.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Respondent defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: Answering defendant fulfilled his obligations pursuant to any contract, which may have existed between answering Defendant and Plaintiff.

## AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Plaintiff lacks standing to sue.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Any damages sustained by Plaintiff is barred or at least reduced by the doctrine of comparative negligence.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: This answering defendant will claim the benefit of all collateral source payments as described in CPLR §4545(c).

## AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: This answering defendant will claim benefit of the periodic payment of judgment provisions of Article 50-B of the CPLR.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: This answering defendant will limit his liability for non-economic loss pursuant to the provision of CPLR §1601 et seq.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: This answering defendant had no control over the premises where the incident or incidents alleged to have damaged Plaintiff occurred and, therefore, any damages sustained by Plaintiff were due to the acts, defaults and/or conduct of others over whom this answering Defendant had no control.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: This answering defendant did not create the condition complained of by Plaintiff.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff failed to mitigate the damages allegedly sustained.

## AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-NINTH: This answering Defendant had no knowledge of the condition complained of by Plaintiff.

## AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTIETH: This answering Defendant had no obligation to inform Plaintiff of the condition complained of since this answering defendant specifically denies any knowledge the alleged condition existed.

## AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIRST: Plaintiff failed to give reasonable notice to answering Defendant and failed to give answering defendant a reasonable opportunity to cure any alleged defects.

## AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SECOND: Plaintiff's claim is barred or the damages sought are at least reduced by virtue of the doctrines of unavoidable consequences.

## AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-THIRD: Plaintiff's and/or Third-party Plaintiff's claim is barred by virtue of the doctrine of assumption of risk.

## AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FOURTH: Plaintiff's claim is barred by the doctrines of waiver, estoppel, laches and claim preclusion.

## AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIFTH: Plaintiff's claim is barred, or at least the recovery of damages, if any, is barred or reduced, because the damages, if any, exceed an amount reasonably foreseen or contemplated.

## AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SIXTH: Plaintiff's claims are barred by the statute of limitations.

## AS AND FOR A TWENTY-FOURTH EPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Any damages sustained by plaintiff, as alleged in the Amended Complaint, were proximately, directly, and solely caused by the negligence acts of third persons over whom responding defendant had and has no direction or control.

## AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    The answering Defendant reserves the right to add additional defenses as same become known during the course of discovery.

## AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-NINTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens

## AS AND FOR A TWENTY-SEVENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

FIFTIETH:    The terms of the bill contracts between the parties require that this matter be heard in a forum other than this Court.

## AS AND FOR A TWENTY-EIGHTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

FIFTY-FIRST: This Answer with Affirmative Defenses and Cross-claims is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

## AS AND FOR A TWENTY-NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-SECOND: The Court lacks personal jurisdiction over the Responding Defendant.

## AS AND FOR A THIRTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-THIRD: Plaintiff has failed to make proper service of process upon Responding Defendant.

## AS AND FOR A CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

FIFTY-FOURTH: Defendant ROMERO repeats, reiterates and realleges each and every allegation set forth in paragraphs "FIRST" through "FIFTY-THIRD" as if specifically set forth herein at length. If there was any loss or damage to the shipment referred to in the Amended Complaint, which is specifically denied, and if it is found that Defendant ROMERO is liable for any such damage, which is also specifically denied, then said liability was brought about by co-defendants CARGO MOVEMENT INTERNATIONAL, INC., LONGHORN TRANSPORTATION, CONSOLIDATED LUMBER TRANSPORT, and their sole, active, and primary carelessness and/or recklessness and/or negligence and/or affirmative acts of omissions or commission and/or breach of contract and/or breach of warranty and/or strict liability by the co-defendants, and this answering defendant is entitled to complete indemnification from any judgment for Plaintiff or answering defendant, over against the co-defendants herein named, for all or part of

any verdict or judgment that Plaintiff may recover against said answering and/or in the event that judgment over is not recovered on the basis of full indemnification, then this answering defendant demands judgment over and against all the co-defendants herein on the basis of an apportionment of responsibility for the alleged occurrence for all or part of any judgment or verdict that Plaintiff may recover against said answering defendant, and that all of the provisions of limitation of liability under the terms of Article Sixteen of the C.P.L.R. are pleaded herein by this cross-claiming Defendant, together with costs, disbursements and reasonable attorneys' fees.

WHEREFORE, this answering defendant requests that the Amended Complaint be dismissed and that this answering defendant be granted counsel fees, costs and disbursements, and in the alternative, this answering defendant requests judgment in its favor against co-defendants CARGO MOVEMENT INTERNATIONAL, INC., LONGHORN TRANSPORTATION, CONSOLIDATED LUMBER TRANSPORT on his cross-claim, as well as interest, counsel fees, costs and disbursements of this action, and such other and further relief as this court may deem just and proper.

Dated: New York, NY
      September 17, 2009

                                  Yours, etc.

                                  MAHONEY & KEANE, LLP
                                  Attorneys for Defendant
                                  WILLIAM E. ROMERO

By:

                                  Edward A. Keane
                                  11 Hanover Square, Tenth Floor
                                  New York, NY 10005
                                  (212) 385-1422
                                  12/3646/B/08/10

**TO:**  **MENDES & MOUNT, LLP**
Attorneys for Plaintiff
750 Seventh Avenue
New York, NY 10019
(212) 261-8000
Attention: Roberta Miranda, Esq.

**CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP**
Attorneys for Defendant
**CARGO MOVEMENT INTERNATIONAL, INC.**
61 Broadway, Suite 3000
New York, NY 10006
(212) 344-7042
Attention: Stephen H. Vengrow

SCHINDEL, FARMAN, LIPIUS,
GARDNER & RABINOVICH, LLP
Attorneys for Defendant
CONSOLIDATED LUMBER TRANSPORT
14 Penn Plaza, Suite 500
New York, NY 10122
212 563-1710

LONGHORN TRANSPORTATION
c/o EVILZISOR TRANSPORTATION SERVICES
P.O. Box 54848
Hurst, Texas 76054-4848
Attention: Penni Royston

## VERIFICATION

STATE OF NEW YORK    :
                       : SS.:
COUNTY OF NEW YORK  :

    EDWARD A. KEANE being duly sworn, deposes and says:

1. That he is a partner of the firm of MAHONEY & KEANE, LLP, attorneys for the Defendant WILLIAM E. ROMERO herein.

2. That he has read the foregoing Verified Answer, and knows the contents thereof and knows it to be true except as to matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

3. That the reason this Verification is made by the deponent and not by the Defendant is that Defendant does not reside within the county where deponent maintains an office.

4. The source of your deponent's information and the grounds of his belief are documents and records in deponent's possession and reports obtained by deponent.

                                         Edward A. Keane

Sworn to before me this
17th day of September, 2008

NOTARY PUBLIC

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

STATE OF NEW YORK :
                    : SS.:
COUNTY OF NEW YORK :


                    MARIE T. CUSH being sworn says:   I am not a
party to the action, am over 18 years of age and reside at 311
Travers Place, Lyndhurst, N.J.

                    On September 21, 2009, I served a true copy of
the annexed DEFENDANT WILLIAM E. ROMERO'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

TO:   MENDES & MOUNT, LLP
      Attorneys for Plaintiff
      750 Seventh Avenue
      New York, NY  10019
      (212) 261-8000
      Attention: Roberta Miranda, Esq.

      CICHANOWICZ, CALLAN, KEANE,
      VENGROW & TEXTOR, LLP
      Attorneys for Defendant
      CARGO MOVEMENT INTERNATIONAL, INC.
      61 Broadway, Suite 3000
      New York, NY  10006
      (212) 344-7042
      Attention: Stephen H. Vengrow


      SCHINDEL, FARMAN, LIPIUS,
      GARDNER & RABINOVICH, LLP
      Attorneys for Defendant
      CONSOLIDATED LUMBER TRANSPORT
      14 Penn Plaza, Suite 500
      New York, NY 10122
      212 563-1710

      LONGHORN TRANSPORTATION
      c/o EVILZISOR TRANSPORTATION SERV ICES
      P.O. Box 54848
      Hurst, Texas 76054-4848
      Attention:  Penni Royston

on this date by mailing the same in a sealed envelope, with
postage prepaid thereon, in an official depository of the U.S.
Postal Service.

MARIE T. CUSH

Sworn to before me this
21st day of September 2009

Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5073946
Qualified in New York County
Term Expires 11/28/2011

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x

| | |
|---|---|
| ATLAS AIR, INC.,<br><br>                 **Plaintiff,**<br><br>  - against -<br><br><br>CARGO MOVEMENT INTERNATIONAL, INC.,<br>CONSOLIDATED LUMBER TRANSPORT, and<br>WILLIAM E. ROMERO<br><br><br>                **Defendants** | :   INDEX: 19245/08<br>:<br>:   **VERIFIED 2nd AMENDED**<br>:   **and SUPPLEMENTAL**<br>    **COMPLAINT**<br>:<br><br>:<br><br>:<br><br>: |

Plaintiff, ATLAS AIR, INC. (hereinafter "ATLAS"), by its attorneys, Fitzpatrick
& Hunt, Tucker, Collier, Pagano, Aubert, LLP, respectfully alleges:

1.  At all times hereinafter mentioned, Plaintiff ATLAS AIR, INC. was and still is a
    business corporation organized and existing under and by virtue of the laws of the
    State of Delaware with its principal place of business at 2000 Westchester Avenue,
    Purchase, NY, 10577, and was and now is engaged in business, *inter alia,* as a
    common carrier of merchandise by air for hire.

2.  Upon information and belief, at all times herein mentioned, defendant CARGO
    MOVEMENT INTERNATIONAL, INC. (hereinafter "CMI"), was a domestic
    business corporation, licensed to do business in the State of New York with its
    principal place of business at 49-09 183rd street, Springfield Gardens, New York,
    11413, and was and still is engaged in business as a freight forwarder.

3.  Upon information and belief, at all times herein mentioned, defendant
    CONSOLIDATED LUMBER TRANSPORT (hereinafter "CLT") was a business

1

corporation organized under the laws of one of the States of the United States with its principal place of business located at 7089 Country Route 17, Lacuna, New York 13083 and was and now is engaged in business, inter alia, as a common carrier of merchandise for hire.

4. Upon information and belief, at all times herein mentioned, defendant WILLIAM E. ROMERO (hereinafter "ROMERO") is an individual who holds a New York commercial driver's license and resides at 108 Maybury Avenue, Staten Island, New York 10308.

5. Atlas hired CMI to arrange transport of an Atlas Air CF6-50 engine, serial no. 530257 (the "Engine") to Miami International Airport in Miami, Florida.

6. CMI agreed to arrange transport of the Engine from the Plaintiff's place of business at JFK International Airport in New York, to Miami International Airport in Miami, Florida. ("The Agreement").

7. As part of the Agreement, CMI agreed to arrange transport of the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida via air ride step deck/low boy truck.

8. Pursuant to the Agreement, Defendant CMI took possession of the Engine on August 1, 2006.

9. To fulfill the Agreement, Defendant CMI contacted Longhorn Transportation ("Longhorn") to carry the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida.

10. Either CMI or Longhorn in turn sub-contracted with Defendants CLT and Romero to carry the Engine from JFK International Airport in New York to Miami International Airport in Miami.

11. While in Defendants' custody, the Engine was placed on a flatbed truck instead of the required truck type.

12. While in Defendants' custody during transport from New York to Miami, the Engine struck an overpass approximately one and one-half miles from JFK Airport, as a direct result of the improper truck type being used.

13. The engine received extensive damage and was later repaired at the GE Celma repair facilities in Brazil. The total repair costs attributable to the subject accident amount to $860,503.86.

## FIRST CAUSE OF ACTION AGAINST CMI AND CLT - VIOLATION OF THE CARMACK AMENDMENT

14. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

15. This action arises from the carriage of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act,49 U.S.C. § 14706.

16. Defendant CMI has moved this Court to amend its answer to include an affirmative defense that the Carmack Amendment applies, and defendant CLT has already interposed such an affirmative defense. Accordingly, defendants concede and agree that the Carmack Amendment applies to this case.

17. CMI was at all material times engaged in the business of a freight forwarder.

18. CLT was at all material times engaged in the business of a common carrier.

19. The engine was delivered in good order and condition into the custody and control of CMI and CLT for purposes of carriage to the agreed destination.

20. CMI and CLT failed to deliver the Engine at the agreed destination in the same good order and condition. Instead the Engine sustained damage during transport which rendered it unfit for intended usage.

21. The damage sustained to the Engine was caused while the Engine was in the actual, constructive, or contractual custody of CMI and CLT and entities acting on their behalf.

22. The damage to the Engine was not caused by circumstances which would give rise to a defense or exception to liability under the Carmack Amendment.

23. By reason of the foregoing, CMI and CLT are liable, without limitation of any kind, as carrier and/or forwarder under the Carmack Amendment, and plaintiff and those on whose behalf it sues have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $860,503.86, plus interest.

## SECOND CAUSE OF ACTION – TORT AGAINST CMI

24. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

25. Defendant CMI owed a duty in tort to the Plaintiff because the Plaintiff was a reasonably foreseeable victim of CMI's negligence.

26. Defendant CMI breached this duty by negligently failing to instruct CLT, and Romero to carry the Engine via air ride step deck/low boy; by negligently entrusting

4

the Engine to CLT, and Romero; and by negligently hiring the defendants when it knew or by exercise of reasonable care should have known that defendants were not to be entrusted with the care, custody and control of the Engine.

27. Defendant CMI's negligence directly and proximately caused the accident and damage to the Plaintiff's Engine.

28. As a result of the above, the Plaintiff sustained damages in the amount of $860,503.86, plus interest, no part of which has been paid, although demanded.

**THIRD CAUSE OF ACTION – BREACH OF CONTRACT AGAINST CMI**

29. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

30. Defendant CMI breached the Agreement by failing to ensure transport of the Engine by air ride step deck/low boy truck as required pursuant to the contract.

31. The resultant damage sustained by plaintiff arising from CMI's breach of contract was foreseeable, given that CMI was involved in a virtually identical incident on or about April 1, 2004, where, as freight forwarded, an aircraft engine under its control was placed on a flatbed truck in lieu of a lowboy.

32. Defendant CMI's breach of the Agreement directly and proximately caused the accident and damage to the Engine.

33. As a result, the Plaintiff sustained losses of $860,503.86, plus interest.

**FOURTH CAUSE OF ACTION AGAINST CMI and CLT - BAILMENT**

34. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

35. Plaintiff's delivery of its Engine to Defendants CMI and CLT, and Defendants CMI's and CLT's acceptance thereof constituted a bailment.

36. Defendants CMI and CLT had the duty to safely and securely keep the Engine and return it to Plaintiff in the same condition as it was delivered to them.

37. Defendant CMI and CLT, in disregard of their duty, negligently failed to take proper care and safely guard the Engine for the Plaintiff causing the Engine to be damaged.

38. As a direct and proximate result, Plaintiff sustained damages in the amount of $860,503.86, plus interest, no part of which has been paid, although demanded.

## FIFTH CAUSE OF ACTION – TORT AGAINST CLT AND ROMERO

39. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

40. Defendants CLT and Romero owed a duty in tort to the Plaintiff to exercise reasonable care when transporting the engine because the Plaintiff was a reasonably foreseeable victim of Defendants CLT's and Romero's negligence.

41. Defendants CLT and Romero breached this duty by failing to properly determine which route would allow for the engine to be safely transported without impacting overhead obstructions, but accepting the cargo on the inappropriate (flatbed) equipment, by failing to measure the height of the cargo to determine if it complied with federal and state standards, and ultimately negligently transporting the Engine.

42. As a result, the Plaintiff has sustained damages in the amount of $860,503.86, plus interest.

6

## SEVENTH CAUSE OF ACTION – BREACH OF COMMON CARRIER STANDARD OF CARE AGAINST CLT

43. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

44. Upon information and belief, on August 1, 2008, Defendant CLT was a common carrier of goods for hire.

45. On August 1, 2008, Defendant CLT accepted and received from Plaintiff the Engine in good order and condition at JFK International Airport in New York for transportation to Miami International Airport in Miami, Florida.

46. In consideration of a freight charge paid, Defendant CLT agreed to transport the merchandise safely and deliver it in good order and condition.

47. Thereafter, on August 1, Defendant CLT delivered the Engine to Plaintiff back in New York as opposed to Miami International Airport. The Engine was not in the same good order and condition as when received by the Defendant CLT. On the contrary, the Engine was considerably damaged, in violation of the Agreement.

48. As a common carrier, CLT was required to exercise a high standard of care for Plaintiff's property entrusted to it, and breached said high standard of care by carelessly and negligently allowing Plaintiff's engine to be damaged.

49. By reason of the foregoing, Plaintiff has been damaged in the amount of $860,503.86, plus interest, no part of which has been paid, although demanded.s

## EIGHTH CAUSE OF ACTION – 3rd PARTY BENEFICIARY OF SUB-CONTRACT

50. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 13 above and incorporates them herein as is if fully set forth at length.

51. In order to fulfill the Agreement, Defendants entered into a sub-contract, for the transport of the Engine from JFK International Airport in New York to Miami International Airport in Miami, Florida (the "Sub-Contract").

52. The Sub-Contract specified that the Engine was to be carried by air ride step deck/low boy.

53. The Sub-Contract further indicated that the Plaintiff was an intended third-party beneficiary of the Sub-Contract because the Sub-Contract stated "deliver to Atlas/Polar Air" amongst other things.

54. As an intended third-party beneficiary, the Plaintiff is entitled to recover from Defendants for any losses sustained because of Defendants' breach of the Sub-Contract.

55. Defendants breached the Sub-Contract by transporting the Engine by flatbed truck instead of the required air ride step deck low boy, which resulted in the damage sustained to plaintiff's property.

56. As a result, the Plaintiff sustained losses of $860,503.86, plus interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court rules that Defendants must pay the following sums:

I.  Damages in the amount of $860,503.86.

II. Legal interest from the date of the accident occurring on August 1, 2006 until the date of payment of the claim in full.

III. And for such further relief as this Court may deem just and proper.

DATED:  New York, NY
        September 10, 2012

By _____
        Roberta Miranda
        Ralph V. Pagano
        Fitzpatrick & Hunt, Tucker, Collier,
        Pagano, Aubert, LLP
        Attorneys for Plaintiff, Atlas Air
        Twelve East 49TH Street
        31ST Floor
        New York, NY 10017
        Phone 212-937-4031
        Fax 212-937-405

9

**VERIFICATION**

**ADAM R. KOKAS**, being duly sworn deposes and says:

I am the Senior Vice President, General Counsel, Chief Human Resources Officer and Secretary, as well as an Officer, of Atlas Air Worldwide, the parent company of Atlas Air, Inc., the Plaintiff in the within action, which is a corporation created under and by virtue of the laws of the State of Delaware. I have read the annexed Verified Second Amended and Supplemental Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Adam R. Kokas

Subscribed and sworn to
before me this ___ day of
September, 2012.

Notary Public

(AFFIX SEAL)

MARIA R. SHEA
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. #01SH6119078
COMM. EXP. NOV. 22, 2012

10

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On September 14, 2012, I served a complete copy of the within **VERIFIED 2ND AMENDED and SUPPLEMENTAL COMPLAINT** by mailing true and complete copies of same by regular mail to:

> Marc Kunkin, Esq.
> HILL RIVKINS, LLP
> 45 Broadway, Suite 1500
> New York, New York 10006

> Eric Chang, Esq.
> CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
> 61 Broadway, Suite 3000
> New York, New York 10006

Date: September 14, 2012
New York, New York

_____
Scott Downes

Sworn to before me this
14th day of September 2012

_____
NOTARY PUBLIC
ALICE CHAN
Notary Public, State of New York
No. 02CH6050295
Qualified in Queens County
Commission Expires October 30, 20 __14__

# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ATLAS AIR, INC.,

                              Plaintiff,

          - against -

CARGO MOVEMENT INTERNATIONAL, INC.,
CONSOLIDATED LUMBER TRANSPORT, and
WILLIAM E. ROMERO,

                              Defendants.

Index No. _____

## DECLARATION OF CONSOLIDATED LUMBER TRANSPORT
## AND WILLIAM E. ROMERO CONSENTING TO REMOVAL

1.    My name is Marc I. Kunkin.

2.    I am an attorney with the law firm of Hill Rivkins, LLP, attorneys for defendants

Consolidated Lumber Transport and William E. Romero in the above-captioned action.

3.    Defendants Consolidated Lumber Transport and William E. Romero consent to the

removal of this matter from the Supreme Court of the State of New York, Queens County to

the United States District Court for the Eastern District of New York.


        I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

        Dated: October 4 , 2012
               New York, New York

                                    _____
                                    Marc I. Kunkin