UNITED STATES EASTERN DISTRICT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATLAS AIR, INC.,

        Plaintiff,

        Docket No.: 12-CV-4976 –ENV-CLP

-against-

CARGO MOVEMENT INTERNATIONAL, INC.,
CONSOLIDATED LUMBER TRANSPORT, and
WILLIAM E. ROMERO,

**MEMO OF LAW IN SUPPORT OF ATLAS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

        Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff Atlas Air Inc., ("Atlas") submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 15 for leave to file an Amended Complaint adding a cause of action against Defendants for violation of Section 385 of the New York State Vehicle and Traffic Law and Section 4-15 of the NYC DOT Traffic Rules. A copy of the proposed Amended Complaint is attached to the Affirmation of Roberta Miranda in Support of Atlas' Motion for Leave to File an Amended Complaint as "Exhibit A"[1].

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Atlas refers the Court to the factual background and procedural history outlined in the Affirmation of Roberta Miranda.

---

[1] All exhibits referred to herein are attached to the Affirmation of Roberta Miranda in Support of Atlas' Motion for Leave to File an Amended Complaint (hereinafter "Miranda Aff.")

## LEGAL ARGUMENTS

## I. ATLAS SHOULD BE PERMITTED TO FILE ITS PROPOSED AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) states that " a party may amend its pleading only with opposing party's written consent or the court's leave" and that "The court should give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a). The Supreme Court has held in favor of freely giving leave to amend pleadings. See Foman v. Davis, 371 U.S. 178 (1962). The Second Circuit has also taken a permissive approach to granting leave to amend pleadings under Rule 15(a). See Friedl v. City of New York, 210 F.3d 79, 88 (2d Cir. 2000); Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993); State Teachers Retirement Bd. V. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Indeed, while discretion to grant leave to amend is left to the District Court "absent evidence of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed" Monahan v. New York City of Dept. of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178 at 182). Atlas should be given leave to amend its complaint as there is no evidence that Atlas has engaged in any of the negative conduct described in the Monahan and Foman decisions.

### A. Atlas has not unduly delayed in seeking leave to file its proposed amended complaint.

This action was removed to the United States District Court for the Eastern District of New York in October of 2012. An Initial Conference before Your Honor was set for November 1, 2012. During the Initial Conference hearing, a settlement conference was set for January 29, 2013. The parties agreed to stay all proceedings pending the outcome of the settlement

conference. The settlement conference took place as scheduled on January 29, 2013, but was unsuccessful. Thereafter, via its letter to the court of February 15, 2013, Atlas promptly advised the Court of its desire to file a motion seeking leave to file an amended complaint. Thus, Defendants cannot claim that there was any delay in seeking leave to amend in Federal Court.

Nor can Defendants argue that Atlas unduly delayed its filing of the motion to amend in State Court. In fact, the reason why Atlas waited until 2012 to file its motion to amend in State Court was that Atlas was precluded from filing any motions between August 12, 2010 and January 23, 2012, due to a stay on the proceedings which was entered back on August 12, 2010. (Miranda Aff. at ¶6). The stay was lifted on January 23, 2011 and Atlas filed its motion three days later. Id. Thus, there was no delay in filing the motion to amend in State Court.

In any event, even if Atlas was found to have delayed, which Atlas strongly disputes, delay alone is not enough to warrant denial of the instant motion. Defendants must also prove that, in addition to delay, Atlas acted in bad faith and/or that defendants will be prejudiced. See Block, 988 F.2d at 350; State Teachers Retirement, 654 F.2d at 856 ("Mere delay…absent a showing of bad faith or undue prejudice does not provide a basis for the district court to deny the right to amend"). As argued herein, in addition to there being no evidence that Atlas caused any delay, there is also no evidence that Atlas has acted in bad faith in pursing this amendment or that Defendants will be prejudiced.

### B. Atlas has not acted in bad faith in seeking leave to file its proposed amended complaint.

Second Circuit cases have held that an action is brought in bad faith "when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons". Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d

3

1078, 1087 (2d Cir. 1977). In the present case, the cause of action sought to be included in Atlas' amended complaint is fully supported by the facts of the case. New York Vehicle and Traffic Law §385 and NYC Department of Transportation Rule 4-15 both prohibit the operation of vehicles on New York roadways with heights in excess of thirteen and one half feet. Both laws also make it illegal to allow a vehicle to operate on New York roadway with a height in excess of thirteen and one half feet. At the time of the accident, CLT's truck was operating on New York roadways approximately one and one half miles from JFK airport with a height in excess of thirteen and one half feet. (See Ex. N). Thus, Atlas' cause of action for negligence for violation of the New York Vehicle and Traffic Law and NYC DOT Rules is supported by the facts and is therefore not in bad faith.

### *C. Defendants will not be unduly prejudiced if Atlas is granted leave to file its proposed amended complaint.*

Atlas' motion in State Court for leave to file a second amended and supplemental complaint alleging negligence per se for violation of New York Vehicle and Traffic Law §385 and NYC Department of Transportation Rule 4-15 was denied on grounds of prejudice to Defendants based on New York State law. (See Miranda Aff. at ¶7). The reason for the Court ruling was that, at the time the motion was decided, the case had already been certified as ready for trial and discovery was closed. (See Ex. M).

It is widely accepted that Federal District Courts hearing cases removed from State Court have the ability to modify or dissolve orders entered by the state court. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, etc., 415 U.S. 423, 436, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435 (1974). ("Once a case has been removed to federal court, it is settled that federal rather than state law governs…Section 1450 implies as

much by recognizing the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal"). Further, whether Defendants will be prejudiced by Atlas' amendment of its complaint should be decided under the Second Circuit standard for determining prejudice, and not based New York State statutory law and case law. Thus, this Court has the ability to hear this motion and dissolve the State Court's order.

In addition, we respectfully submit that Judge Nelson's Order should be reviewed by Your Honor in order to avoid prejudice to Atlas. In fact, unless Your Honor issues a ruling on this issue, Atlas currently has effectively lost its right to appeal Judge Nelson's order denying its motion to amend to add a cause of action for violation of New York Vehicle and Traffic Law §385 and NYC Department of Transportation Rule 4-15.[2]

In assessing whether an opposing party will be prejudiced by an amendment of pleadings, Second Circuit Courts generally consider whether "the assertion of the new claim(s) would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) whether the amendment would significantly delay the resolution of the dispute; or (iii) it would prevent plaintiffs from brining a timely action in another jurisdiction"" Monahan, 214 F.3d at 284 (quoting Block, 988 F.2d at 350). In the present case, none of the above listed considerations apply. The new cause of action for negligence per se arises out of the same set of facts and circumstances as those alleged in the original complaint. Thus, Defendants would not have to engage in additional discovery or preparation for trial as the height of truck at the time of the accident is a known fact in this case that can be deduced from the information already gathered.

---

[2] Judge Nelson's Order was filed with the clerk on September 7, 2012. The case was removed to Federal Court by Defendants on October 4, 2012, less than 30 days after the entry of said Order. (Miranda Aff. at ¶6).

Furthermore, dissolving the State Court order in this case would be proper since the facts before Your Honor are different from what presented to Judge Nelson in State Court. This case was only recently removed to Federal Court and the case has not been certified as ready for trial in Federal Court. Further, the parties have requested discovery on limited issues and, although Your Honor has not yet ruled on the discovery requests recently filed by the parties, it is expected that limited factual discovery will take place in this case before the case is marked as ready for trial. Thus, even if Defendants are able to prove that limited discovery is necessary to defend against a cause of action for violation of Section 385 of the New York State Vehicle and Traffic Law and Section 4-15 of NYC DOT Traffic Rules, this would not cause any further delay. In any event, the law is clear that, even if defendants did have to conduct additional limited discovery, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." <u>United States v. Cont'll Nat. Bank and Trust Co.</u>, 889 F.2d 1248, 1255 (2d Cir. 1989).

Based on the foregoing, Defendants will not be prejudiced if Atlas is allowed to file its proposed amended complaint. Thus, Atlas' motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion for leave to file an amended complaint be granted.

DATED:   New York, NY
           March 28, 2013

By _____
Roberta Miranda
Ralph V. Pagano
Fitzpatrick & Hunt, Tucker,
Collier, Pagano, Aubert, LLP
Tower 49
Twelve East 49TH Street
31ST Floor
New York, NY 10017
Phone 212-937-4031
Fax 212-937-4050